UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. __22-mj-8148-RMM__

United States of America

v.

RAYMOND LEE BUFORD

_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia Valle)?     No

2. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)? No

3. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss)?     No

Respectfully submitted,

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

BY: _____
Brian D. Ralston
Assistant United States Attorney
Court ID No.     A5502727
500 South Australian Avenue, Suite 400
West Palm Beach, Florida 33401
Tel: (561) 209-1068
Fax:
Email: brian.ralston@usdoj.gov

AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
## for the
### Southern District of Florida

| | | |
|---|---|---|
| United States of America<br>v.<br><br>RAYMOND LEE BUFORD<br><br>*Defendant(s)* | ) ) ) ) ) ) ) | Case No.   22-mj-8148-RMM |

FILED BY ____SP____ D.C.

Apr 12, 2022

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __April 12, 2022__ in the county of __Palm Beach__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) | Possession with Intent to Distribute Cocaine |
| 18 U.S.C. § 924(c)(1)(A)(i) | Possession of a Firearm in Furtherance of a Drug Trafficking Crime |

This criminal complaint is based on these facts:

SEE ATTACHED AFFIDAVIT.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

TFO Rey Paniagua, DEA
*Printed name and title*

Attested to by the Applicant in accordance with the requirements of Fed.R.Crim.P. 4.1 by __Telephone (Facetime)__

Date: __04/13/2022    8:07 AM__

_____
*Judge's signature*

City and state: __West Palm Beach, Florida__     Hon. Ryon M. McCabe
*Printed name and title*

## AFFIDAVIT

I, Rey Paniagua, a Task Force Officer with the United States Drug Enforcement Administration (DEA), United States Department of Justice, having been duly sworn, do hereby depose and state as follows:

### INTRODUCTION

1. This affidavit is submitted in support of a criminal complaint charging **Raymond Lee BUFORD** with possession with intent to distribute a controlled substance, that is, cocaine, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C), and possession of a firearm in furtherance of a drug trafficking crime, in violation of Title 18, United States Code, Section 924(c).

2. As a Task Force Officer of the United States Department of Justice, I am authorized to conduct criminal investigations of violations of Title 21 of the United States Code. Your affiant is a sworn Deputy Sheriff with the Palm Beach County Sheriff's Office (PBSO), and has served in that capacity since 2000. Your affiant is currently assigned to PBSO Narcotics Division and to the DEA, West Palm Beach District Office, Enforcement Group 2. Your affiant has successfully completed the Criminal Justice Standards and Training Police Academy and is certified by the Criminal Justice Standards and Training Commission as a Law Enforcement Officer.

3. I have received extensive training in conducting narcotics investigations and in identifying the means and methods used by narcotics traffickers. I have conducted or participated in numerous investigations of this nature. Much of this training and experience has been directed at the detection, investigation, seizure and prosecution of individuals involved in the manufacture, possession and distribution of controlled substances. Through my training, education and experience, which has included debriefing cooperating drug traffickers, monitoring wiretapped

conversations of drug traffickers, acting in an undercover capacity, conducting searches of locations where drugs and money have been found, and conducting surveillance on individuals engaged in drug trafficking, I have learned the various methods, packaging materials, and actions that drug traffickers utilize to conduct their illegal business and efforts that drug traffickers take to thwart law enforcement. I have acted as an undercover agent and conducted well in excess of 100 meetings and controlled drug transactions myself, in my capacity as law enforcement officer.

4.  The information contained in this affidavit is based on my own personal knowledge as well as information imparted to me from other law enforcement officers and agents. This affidavit is submitted for the limited purpose of establishing probable cause and at times describes the nature and meaning of communications, rather than the specific wording and terminology used by the parties mentioned herein. Additionally, this affidavit does not purport to describe everything known to your affiant concerning the investigation.

## PROBABLE CAUSE

5.  In or around March 2022, the Palm Beach County Sheriff's Office (hereinafter "PBSO") Narcotics Division began investigating individuals who were involved in cocaine trafficking from the residence 445 Summa Street, West Palm Beach, Florida, which is located in the Southern District of Florida. Through the use of confidential informants and investigative trash recoveries, law enforcement identified BUFORD as an individual who was trafficking cocaine at the residence. Law enforcement determined the residence was converted from a single-family home to three separate living units, which had not been documented per the Palm Beach County Property Appraiser website. There are two separate units on the first floor that can be accessed from the exterior through doors labeled "1" and "2." There is a third unit on the second floor that can be accessed by a set of exterior stairs that lead to exterior double doors.

6. On April 11, 2022, State of Florida, 15th Judicial Circuit Judge Dina Keever authorized a search warrant for portions of this residence. The search warrant authorized the search of the residence on the second floor, any common areas on the first and second floor, the first floor unit that can be accessed through the exterior door marked "1" and the garage. The warrant did not authorize law enforcement to enter the unit that can be accessed through the exterior door labeled "2."

7. On the morning of April 12, 2022, PBSO, with the assistance of the Drug Enforcement Administration (DEA), executed the search warrant. The PBSO Special Weapons and Tactics (hereinafter "SWAT") team initiated the search warrant at approximately 6:00 a.m., by knocking on the residence door, announcing their presence, and requesting that the occupants exit the residence. After several minutes, individuals began exiting the residence. A female and three children exited from the exterior door marked "1" and, after approximately ten minutes, BUFORD exited the residence from the exterior door marked "1." No other individuals exited from the door marked "1." After approximately 15 minutes from the initial knock, SWAT made entry into the residence. Once the residence was determined to be safe, PBSO narcotics agents took control of the scene

8. During the initial walk through of the unit that is accessed by exterior door marked "1," agents observed a kilogram wrapper that was cut and in the toilet bowl of the bathroom. Based on my training and experience, I recognized this wrapper to be consistent with a wrapper that would contain a whole kilogram of cocaine. Agents later retrieved the wrapper with some suspected powder cocaine that was still inside the wrapper. Agents weighed the powder cocaine that was still inside the wrapper, and it weighed approximately 489 grams. Following the initial

walk through, agents began to search the residence and found the following items of significance all on the first floor within the space accessed through the door marked "1":

- a. An orange box that contained several "cookies" of suspected crack cocaine and one bag of suspected powder cocaine was discovered inside a drawer of the kitchen island. Agents later determined the crack cocaine weighed approximately 90 grams and the powder cocaine weighed approximately 26 grams.

- b. One (1) AK-47 style assault pistol caliber 7.62X39 was discovered inside the lid of the coffee table in the living room.

- c. Aluminum foil that contained suspected powder cocaine was discovered inside the room with children's bunk beds and other children's items. Agents later determined the suspected powder cocaine weighed 46 grams.

- d. Multiple bags of suspected powder cocaine were discovered on top of the kitchen cabinets. Agents later determined the suspected powder cocaine weighed 1146 grams.

- e. Throughout the area there were numerous bags or other containers of marijuana. Agents later determined the suspected marijuana weighed approximately 3343 grams.

- f. Vacuum sealer, scales, used money bands, boxes of sandwich bags, boxes of small plastic baggies, and other items that I know from my training and experience to be commonly used by drug traffickers to facilitate the distribution of illegal drugs.

    g. One (1) Smith and Wesson .40 caliber pistol located on a shelf in a closet in the common area.

    h. Located inside a Coach purse on the top of the kitchen counter by the sink was one (1) Springfield SD9 9mm caliber pistol.

    i. Located on a shelf in a closet in the common area (above the shelf where the Smith and Wesson was found) were several documents associated with BUFORD.

    j. Located in a closet in the common area, concealed by a towel, two pill presses covered in yellow and peach colored powder.

9. Law enforcement conducted a field test of the suspected cocaine, crack cocaine and marijuana described above. The suspected cocaine and crack cocaine tested positive for the presence of cocaine and the suspected marijuana tested positive for the presence of THC.

10. PBSO agents provided verbal Miranda warnings to all the occupants of the residence as they were detained outside. After the initial walk through and the discovery of the cocaine in the toilet, agents asked BUFORD who the drugs inside the house belonged to. BUFORD stated, "me." Agents clarified and asked if the drugs in toilet belonged to BUFORD, and he replied "yes."

11. BUFORD was then transported to the DEA WPBDO for processing. While at DEA, agents advised BUFORD of his rights once again, which was audio and video recorded. BUFORD stated he understood his rights but did not agree to speak to agents. The interview was immediately terminated.

12. Based on the foregoing, your affiant respectfully submits that there is probable cause to believe that Raymond Lee BUFORD has committed the criminal offense of possession with intent to distribute a controlled substance, that is, cocaine, in violation of Title 21, United

States Code, Sections 841(a)(1) and (b)(1)(C), and possession of a firearm in furtherance of a drug trafficking crime, in violation of Title 18, United States Code, Section 924(c).

FURTHER YOUR AFFIANT SAITH NAUGHT.

_____
REY PANIAGUA
TASK FORCE OFFICER
U.S. DRUG ENFORCEMENT ADMINISTRATION

Sworn and Attested to me by Applicant by Telephone (Facetime) per the requirements of Fed. R. Crim. P. 4(d) and 4.1 on the 13 day of April 2022.

8:07 AM

_____
HON. RYON M. MCCABE
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** Raymond Lee Buford

**Case No:**

Count #: 1

Possession With Intent to Distribute a Controlled Substance (Cocaine)

21 U.S.C. § 841(a)(1), 841(b)(1)(C)

\* **Max. Penalty:** 20 years' imprisonment; $1,000,000 fine; minimum 3 years to life term of supervised release; and a $100.00 special assessment

Count #: 2

Possession of a Firearm in Furtherance of a Drug Trafficking Crime

18 U.S.C. § 924(c)(1)(A)(i)

\***Max. Penalty:** Mandatory minimum 5 years' imprisonment up to life imprisonment; $250,000 fine; 5 years' supervised release; and a $100 special assessment

\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.